IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ABDUL MALIK BEY, | : |
| **Plaintiff,** | : |
| V. | : NO. 5:23-cv-00354-TES-CHW |
| LAWRENCE WHITTINGTON, *et al.*, | : |
| **Defendants.** | : |

## ORDER OF DISMISSAL

Plaintiff Abdul Malik Bey, a prisoner in Dooly State Prison in Unadilla, Georgia, filed a handwritten document, which the Clerk docketed as a civil rights complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff also filed a handwritten motion for leave to proceed in this case *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 3. Because Plaintiff did not file either the complaint or the motion to proceed *in forma pauperis* on the required form, the United States Magistrate Judge ordered Plaintiff to recast his complaint on the § 1983 form and to file a proper and complete motion to proceed *in forma pauperis*. Order, ECF No. 5. The Magistrate Judge gave Plaintiff fourteen days to complete these actions and cautioned Plaintiff that his failure to do so may result in the Court dismissing his complaint. *Id.*

More than fourteen days passed after the Magistrate Judge entered that order, and Plaintiff did not file a recast complaint or a motion to proceed *in forma pauperis*. As a result, the Magistrate Judge ordered Plaintiff to show cause why the Court should not dismiss this case based on his failure to comply with the earlier order. Order to Show Cause, ECF No. 7. The Magistrate Judge gave Plaintiff another fourteen days to respond

and cautioned him that his failure to do so would likely result in the Court dismissing this action.  *Id.*

Thereafter, the United States Postal Service returned the order to show cause with a notation that the wrong identification number was on the envelope.  Mail Returned, ECF No. 8.  The Clerk corrected Plaintiff's identification number and resent the order to show cause.  More than fourteen days have now passed since the Clerk resent the show cause order.  In that time, Plaintiff has not responded to that order.  Thus, because Plaintiff has failed to comply with the previous orders or to otherwise prosecute his case, the Court now **DISMISSES** the complaint **WITHOUT PREJUDICE**.  *See* Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 29th day of January, 2024.

Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**
